Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Morton Denlow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6243 | **DATE** | 1/29/2001 |
| **CASE TITLE** | Latwaon Harmon vs. A. Patton, M. McClellan | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to dismiss plaintiffs complaint [20-1] is denied. Status hearing set for 2/27/01 is stricken and reset to 4/3/01 at 10:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JAN 3 0 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 01 JAN 29 PM 5:03 | date mailed notice | |
| DK | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATWAON HARMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 99 C 6243 |
| v. | ) |
| | ) Magistrate Judge Morton Denlow |
| A. PATTON, M. McCLELLAN | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Latwaon Harmon, a prisoner in the custody of the Illinois Department of Corrections ("IDOC"), filed this pro se civil rights action against IDOC personnel employed at Stateville Correctional Center. In his complaint, Harmon named as defendants A. Patton, M. McClellan, B. Cleveland, R. Espinoza, A. Johnson, G. DeTella and IDOC. On October 1, 1999, the court dismissed the due process claims against B. Cleveland, R. Espinoza, A. Johnson, G. DeTella and IDOC and held that Harmon would be allowed to pursue only his excessive force claims against A. Patton and M. McClellan. (collectively "Defendants").

Harmon brought this action pursuant to 42 U.S.C. § 1983, alleging the Defendants violated his Eighth Amendment right by using excessive force against him. Defendants have moved to dismiss Harmon's complaint pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies. The Defendants also moved in the alternative to dismiss the complaint as a sanction pursuant to Federal Rules 37 and 41(b). For the reasons set forth

below, the Court denies the defendants' motion to dismiss and for sanctions.

## I. FACTS

Harmon alleges that on March 17, 1998, he became involved in a dispute with two correctional officers, defendants Patton and McClellan. Harmon's breakfast bag was short a sweet roll and McClellan refused to do anything about it. Harmon demanded to speak to a sergeant and refused to pull his arm back through the "chuck hole" on the door of his cell. Harmon alleges McClellan took his arm holding it against the cell door while Patton kicked it repeatedly. Then McClellan repeatedly kicked the chuck hole door, crushing Harmon's arm and tearing skin from his arm and hand. Harmon later saw a medical technician. Harmon alleges the incident amounted to excessive force on the part of the Defendants, violating his Eighth Amendment right. He seeks damages for his injuries.

## II. DISCUSSION

### A.     The Motion to Dismiss for Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act ("PLRA") provides that no civil rights action may be brought by a prisoner confined in any jail, prison or correctional facility "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Harmon alleges in his Complaint that he utilized the grievance procedure. (Compl. ¶ III A). He also pled in his Complaint "Plaintiff's grievance was referred to grievance officer by L. Briick on April 22, 1998. However, Plaintiff never heard otherwise or furthermore." (Id.).

Section 1997e(a) makes exhaustion of remedies a precondition to suit. In *Perez v. Wisconsin Department of Corrections*, 182 F.3d 532, 534 (7th Cir. 1999), the court held the

statute requires dismissal of a § 1983 complaint filed before administrative remedies have been exhausted. The plaintiff in *Perez* claimed a denial of medical care for a back injury resulted in a violation of his Eighth Amendment right. In *Perez*, the plaintiff had not filed a grievance. The plaintiff unsuccessfully argued that filing a grievance would be futile. The court granted the motion to dismiss holding that the grievance procedure could provide the plaintiff with a remedy, to change his medical regimen. *Perez*, 182 F.3d at 537.

In *Perez*, the Seventh Circuit, in dictum, also explained a possible exception to the exhaustion rule,

> It is possible to imagine cases in which the harm is done and no further administrative action could supply any "remedy." ... Suppose the prisoner breaks his leg and claims delay in setting the bone is cruel and unusual punishment. If the injury has healed by the time the suit begins, nothing other than damages could be a "remedy," and if the administrative process cannot provide compensation then there is no administrative remedy to exhaust.

*Id.* at 538.

The situation this Court is examining fits squarely into the above exception. Many courts have relied upon this exception to deny a motion to dismiss. *See Longoria v. Diaz*, 2000 WL 1056349 (N.D.Ill.)(2000)(motion to dismiss for failure to exhaust remedies denied for plaintiff seeking damages for excessive force injury); *Wilson v. Nunn*, 2000 WL 1006575 (N.D.Ill.)(2000)(defendants' motion to dismiss for failure to exhaust remedies denied); *Stokes v. Rivera*, 2000 WL 816788 (N.D.Ill.)(2000)( court finds plaintiff's complaint falls under category of complaints exempt from exhaustion requirement as enunciated by *Perez*, motion to dismiss denied); *Rodriguez v. Oakley*, 1999 WL 618840 (N.D.Ill.)(2000)(following exception in *Perez*, court denied motion to dismiss because plaintiff could not have

3

recovered damages from the grievance process, consequently there were no administrative remedies to exhaust). Harmon's injury has healed, he is not complaining of the medical care he has received, and he simply seeks monetary compensation for his injury.[1] Harmon's claim could not be remedied through the grievance process because he seeks damages for an isolated incident that is not ongoing. Thus, there are no administrative remedies for Harmon to exhaust and the Defendants' argument fails.

**B.     The Motion to Dismiss as a Sanction for Refusing to Answer Deposition Questions**

The Defendants alternatively moved the Court to dismiss Harmon's case and issue sanctions for want of prosecution pursuant to Rules 37 and 41(b) of the Federal Rules. The Court finds such a request extreme and frivolous and as such denies the motion.

Defendants have submitted excerpts from Harmon's deposition taken July 11, 2000, in which he persistently refused to answer questions regarding the reason he had been confined in disciplinary segregation at the time the alleged incident in the complaint occurred. Instead of first seeking a court order to compel Harmon's testimony pursuant to Federal Rule 37(a)(2)(B), counsel for the defendants waited two months and filed a motion to dismiss the entire suit. This Court will not dismiss this case. The Seventh Circuit has emphasized that "[d]ismissal is a very harsh sanction" that should be used "only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Williams v. Chicago Board of Education*, 155

---

[1] Harmon's Complaint sought other relief with respect to his denial of due process in his disciplinary proceedings, but those claims have already been dismissed.

4

F.3d 853, 857 (7th Cir. 1998)(quoting *Dunphy v. McKee,* 134 F.3d 1297, 1299 (7th Cir. 1998)). Harmon is prosecuting his case and it would be error to suggest that a single unwarranted refusal to answer deposition questions is grounds for dismissal. This is particularly true in the case of a pro se plaintiff who does not have counsel to advise him of his obligations under the federal rules. For these reasons, the Court denies Defendants' motion to dismiss Harmon's case as a sanction for noncompliance with the discovery rules.

### III. CONCLUSION

**Defendants' motion to dismiss is denied.** Defendants are ordered to file an answer to count one of the complaint on or before February 28, 2001.

**SO ORDERED THIS 29TH DAY OF JANUARY 2001.**

_____
**MORTON DENLOW**
**United States Magistrate Judge**

Copies mailed to:

Latwaon Harmon, inmate # B-62963
Stateville Correctional Center
P.O. Box 112
Joliet, IL 60434

Plaintiff

Alexandra C. Buzanis
Assistant Attorney General
General Law Bureau
100 W. Randolph St., 13th Floor
Chicago, IL 60601

Counsel for Defendants

5